[Cite as *State v. Smith*, 2014-Ohio-2604.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13 CA 27 |
| KEVIN MICHAEL ROBERT SMITH | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Guernsey County Court of Common Pleas, Case No. 13-CR-63 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 16, 2014 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| DANIEL G. PADDEN<br>BRYAN C. CONAWAY<br>Guernsey County Prosecuting Attorney<br>139 West 8th Street<br>Cambridge, Ohio 43725 | RONALD C. COUCH<br>121 West Eighth Street<br>Cambridge, Ohio 43725 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Kevin Michael Robert Smith appeals his conviction entered by the Guernsey County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 4, 2013, officers of the Muskingum County Sheriff's Department executed a search warrant at 7292 Voytko Lane, Byesville, Ohio. The owner of the home gave the officers permission to enter the premises. The officers ordered all of the people in the home outside, including Appellant. Upon entering the residence, the officers saw items in plain view consistent with the manufacture of methamphetamine.

{¶3} Appellant was interviewed by investigating officers twice on audio tape at the scene of the arrest and once on video at the Guernsey County Justice Center. Appellant claims he told an arresting officer he was willing to confess to making methamphetamine, because he was told by an officer at the scene of the arrest, "You're a piece of shit for letting your girlfriend go down and take the blame for manufacturing meth here tonight."

{¶4} Appellant was indicted for the illegal manufacture of drugs, in violation of R.C. 2925.04(C)(2)(b), a felony of the first degree, with a specification at the time he was located within 1000 feet of a juvenile.

{¶5} On June 24, 2013, Appellant filed a motion to suppress his statements made to the arresting officers. The trial court conducted a hearing on the motion to suppress on July 10, 2013. The trial court denied Appellant's motion to suppress via Judgment Entry of July 12, 2013.

{¶6} Following a jury trial, Appellant was found guilty of the charge, and sentenced accordingly.

{¶7} Appellant appeals, assigning as error:

{¶8} "I. THE TRIAL COURT'S DECISION WAS AGAINST BOTH THE SUFFICIENCY AND THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} "II. THE APPELLANT WAS DENIED HIS RIGHT OF A FAIR TRIAL BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶10} "III. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE APPELLANT'S STATEMENTS GIVEN TO THE POLICED [SIC] IN VIOLATION OF HIS MIRANDA RIGHTS."

III.

{¶11} We will begin by addressing Appellant's third assignment of error, as we find it correlates with our disposition of Appellant's first and second assigned errors.

{¶12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified

the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶13} Appellant asserts the trial court erred in denying his motion to suppress statements made to the arresting officers because he did not knowingly, intelligently and voluntarily confess to the manufacture of methamphetamine. Appellant asserts his statements were coerced due to the officers' statement belittling him for allowing his girlfriend to take the blame for the illegal manufacture of the drugs.

{¶14} Our inquiry is whether Appellant knowingly and intelligently waived the rights delineated in *Miranda v. Arizona*, 384 U.S. 436 (1966). The question of waiver must be determined by looking to "the particular facts and circumstances surrounding the case." *Johnson v. Zerbst*, 304 U.S. 458 (1938). Whether a confession is voluntary is an issue independent of whether there was formal compliance with *Miranda. State v. Chase,* 55 Ohio St. 2d 237 (1978). The burden is on the prosecution to show that, considering the totality of the circumstances, the confession was voluntarily given. *Medina v. California* 505 U.S. 437 (1992).

{¶15} Appellant asserts he confessed because he thought he had a deal with the detective before he made the statement.  Further, Appellant implies his confession was not knowing, intelligent and voluntary because his brother testified Appellant was intoxicated at the time he made the statements.

{¶16} Upon review of the record, Appellant signed two Miranda waivers including language, "no promises or threats have been made to me."  Further, Appellant testified at the suppression hearing no direct promises or deals had been made to him in exchange for his confession.

{¶17} Appellant's brother testified as to Appellant's "intoxication" at the time in question. However, there is no other indication in the record of Appellant having been intoxicated, and Appellant himself did not assert he was intoxicated at the time the statements were made to the officers.

{¶18} Appellant's brother testified at the suppression hearing,

{¶19} "A. I've got a relationship with Jason Mackie from Noble County when he used to work down there, so I already knew him.

{¶20} "Went down to see what was happening, and he proceeded to tell me what the case was he was working, Kevin was involved, this and that.  And he wanted to help Kevin and wanted Kevin to help himself.

{¶21} "Q. He told you that he wanted to help Kevin?

{¶22} "A. Yeah.

{¶23} "Q. All right.  Why?

{¶24} "A. Well, he gave me the old, you know, Kevin's got to help himself and we'll help him out and this and that.

**{¶25}** "Q. Is Kevin present during that conversation?

**{¶26}** "A. I don't think he was in the beginning, but he was when I was coaxing him to go in and talk to Mackie after that conversation.  When he got there, he was - - he was intoxicated.  I mean, he was - - his head wasn't right and he didn't know what to do, and I told him he needed to go in and help himself."

**{¶27}** Tr. at 50.

**{¶28}** We find Appellant's brother's testimony standing alone insufficient to demonstrate Appellant was so intoxicated so as to render his statement involuntarily, unknowingly, or unintelligently made.

**{¶29}** Based upon the foregoing, we do not find the trial court erred in denying Appellant's motion to suppress.  There is nothing to establish Appellant's statements to the arresting officers were made other than knowingly, intelligently and voluntarily.

**{¶30}** The third assignment of error is overruled.

I.

**{¶31}** Appellant's first assignment of error maintains his conviction for the manufacture of methamphetamine is against the manifest weight and sufficiency of the evidence.  We disagree.

**{¶32}** The concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held,

**{¶33}** An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

**{¶34}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶35}** Based upon our analysis and disposition of Appellant's third assigned error, we find Appellant's conviction is not against the manifest weight nor sufficiency of the evidence due to his confession to the manufacture of methamphetamine and the other evidence as set forth in The Statement of the Facts, supra.

**{¶36}** The first assignment of error is overruled.

II.

{¶37} Appellant's second assigned error asserts the ineffective assistance of trial counsel. Specifically, Appellant maintains his trial counsel was ineffective in failing to call his girlfriend as a witness.

{¶38} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶39} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶40} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶41} Again, based upon our analysis and disposition of Appellant's third assigned error, we find Appellant has not demonstrated actual prejudice as a result of

the alleged failure of trial counsel to call Appellant's girlfriend as a witness. Appellant confessed to the manufacture of methamphetamine, and Appellant has not demonstrated how the testimony of his girlfriend would have effected the outcome of the trial.

**{¶42}** The second assignment of error is overruled.

**{¶43}** Appellant's conviction entered by the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Baldwin, J. concur